UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                    Criminal No. 17-107(3) (DWF/TNL)

          Plaintiff,

v.                                           **ORDER AND MEMORANDUM**

Peerachet Thipboonngam,
a/k/a Arm,

          Defendant.

This matter is before the Court pursuant to Defendant Peerachet Thipboonngam's Motion for Review and to Amend Detention Order. (Doc. No. 540.) On January 8, 2018, the United States of America (the "Government") filed a Response in Opposition. (Doc. No. 568.) On January 16, 2018, a detention hearing was held before the Court.

The Second Superseding Indictment charges Defendant with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594 (Count 1); Conspiracy to Commit Transportation to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count 3); Conspiracy to Engage in Money Laundering, 18 U.S.C. § 1956 (Count 4); and Conspiracy to Use a Communication Facility to Promote Prostitution, 18 U.S.C. § 371 (Count 5); Unlicensed Money Transmitting Business, 18 U.S.C. § 1960. (Doc. No. 314.)

Defendant is alleged to be one of the house bosses, facilitators, and money launderers for the sex-trafficking organization. House bosses are alleged to have run the day-to-day operations, including advertising victims for commercial sex acts, procuring and maintaining the houses of prostitution, scheduling sex buyers, and ensuring that a

portion of the cash was routed back to pay down the victims' bondage debts. (Indictment ¶ 5(b).) In exchange, house bosses retained a significant portion of the cash that the victims receive, typically 40%. (*Id.*) House bosses would also coordinate with traffickers and other house bosses to facilitate the victims' travel to other cities in the United States. Once victims were lured to the United States, they were forced to work long hours—often all day, every day—having sex with strangers to attempt to pay down their bondage debt. Victims typically did not have the ability to choose with whom they had sex, what sex transactions they would engage in, or when they would have sex. In this case, Defendant is also accused of holding victims' bondage debt.

Defendant is also accused of being a facilitator for the sex-trafficking organization. Facilitators assist the organization with various needs, including renting houses of prostitution and facilitating the transportation of the trafficking victims. Here, Defendant is accused of transporting the victims.

Additionally, Defendant is accused of being a money launderer for the sex-trafficking organization. Money launderers were essential to the organization. The money launderers made their bank accounts available for deposits and then would coordinate withdrawals and transfers. According to the Government, Defendant has laundered almost $2 million.

On May 25, 2017, the Honorable Suzanne H. Segal in the District Court for the Central District of California held a detention hearing pursuant to the Government's

motion to detain Defendant pending trial. The Magistrate Judge ordered Defendant detained. Defendant now seeks *de novo* review in this Court.

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, the Court considers the following factors in assessing the continued detention of Defendant:

(1) the nature and circumstances of the offense charged, including whether the offense involves . . . a minor victim;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation . . . .

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Pretrial detention may be ordered either upon a clear and convincing showing that release would result in a danger to the community or upon a showing by a preponderance of the evidence that the release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Additionally, if a court "finds that there is probable cause to believe that the person committed an offense under chapter 77 of [Title 18] for which a maximum

3

term of imprisonment of 20 years or more is prescribed," then the court employs a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C § 3142(e)(3)(D).

Here, Defendant has been charged with Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1594 (Count 1), a Chapter 77 offense punishable by up to life in prison. Given these particular allegations, there is probable cause to believe that Defendant committed Count 1 of the Indictment. As a result, Defendant must overcome the rebuttable presumption of detention.

"In a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *UAbad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden, a presumption favoring detention "remains a factor to be considered among those weighed by the district court." *Id.*

Based upon the presentations of the Government and the Court having reviewed the order in the above-entitled matter entered by the United States District Court for the Central District of California on May 25, 2017, by the assigned Magistrate Judge, and the Court being otherwise duly advised in the premises, the Court concludes that even if there was not a presumption of detention under 18 U.S.C § 3142(e)(3)(D), there are no

conditions or combination of conditions that could reasonably assure Defendant's appearance.

## ORDER

1.    Defendant Peerachet Thipboonngam's Motion for Review and to Amend Detention Order (Doc. No. [540]) is respectfully **DENIED**.

Dated:  January 16, 2018        s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge